IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| CATENARY COAL CO.. and ARCH RESOURCES, INC . <br><br> Petitioners, <br><br> v. <br><br> DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and JEFFREY MCCLURE <br><br> Respondents. | Case No. 23-1809 |

**MOTION TO SUSPEND THE BRIEFING SCHEDULE**
**AND TO HOLD THIS APPEAL IN ABEYANCE**

The Petitioners, Catenary Coal Co. and Arch Resources, Inc. ("Arch") respectfully move under Rules 26, and 27 of the Federal Rules of Appellate Procedure and Fourth Circuit Rule 31(c) that the briefing schedule be suspended and the appeal in this case held in abeyance pending this Court's decision in *Hobet Mining Co. v. Director, Office of Workers' Compensation Programs, [Workman]*, No. 23-1126. (4th Cir. Opening Brief filed on June 7, 2023) under such terms and conditions that the Court considers appropriate.

This motion should be granted in the best interests of judicial efficiency and the administration of justice for the following reasons.[1]

---

[1] An identical or similar motion has been filed in three cases pending in this Court, *Hobet Mining Inc. et al. v. Director, Office of Workers' Compensation Programs, et. al.,* [*Russell Fridley*], Case No. 23-1506 (Opening Brief due September 25, 2023), *Hobet Mining, Inc. et al. v. Director, Office of Workers' Compensation Programs et. al.* [*Danny Hoover*], Case No. 23-1605 (Opening Brief

These all are black lung benefit claims in which the Department of Labor retroactively changed its rules applicable to the identification of certain responsible self-insured mine operators, including Arch. Arch has filed nine appeals pending in the Sixth Circuit[2] and one pending in the Seventh Circuit.[3] It is expected that additional cases are in process for Arch.

Peabody Coal Co. was similarly affected by the Department's actions but has since settled their liability with the Department of Labor and thus has dismissed their appeals pending in this Court. For a variety of reasons, Arch is not discussing settlement with the Department and has not been contacted by the Department nor has Arch contacted the Department to initiate settlement discussions and has no intent to do so at this time.

The lead Arch case in the Fourth Circuit is *Hobet Mining Co. v. Director, Office of Workers' Compensation Programs, [Workman],* No. 23-1126. (4th Cir. Opening Brief filed on June 7, 2023). The Department's time to respond has been extended several times and the responding brief was filed late on September 8, 2023 with pending motions before the brief will be accepted. Arch's reply brief is due October 20, 2023.

This Motion to hold this Arch appeal in abeyance and to suspend briefing is being filed in this claim with the opening brief due on October 23, 2023. Arch wishes to first pursue its appeal in *Workman* (No. 23-1126) because it presents issues

---

due September 27, 2023); and *Hobet Mining LLC et. al. v. Director, OWCP [Hayward Payne]*, (Opening Brief due 10/10/23). Additional matters are likely to be appealed and added to the list in coming weeks.

[2]     Case Nos. 23-3297, 23-332, 23-3437, 23-3541, 23-3536, 23-3612, 23-3645, 23-3536, and 23-3662.

[3]     Case No. 23-2521.

common to all pending cases in this Court. In this case, Arch is not challenging Mr. McClure's entitlement to federal black lung benefits.

There are three categories of cases among the Arch appeals. Some background will help explain these unusual circumstances. In November 2015, the Department of Labor issued a Bulletin (No. 16-1) instructing its claims personnel how to allocate liabilities arising as a result of the liquidation in bankruptcy of Patriot Coal Co. Patriot Coal was created by Peabody in a transaction that formed certain Peabody subsidiaries into a new company called Patriot Coal Co. Several years later, Patriot purchased Magnum Coal Co. from an owner not involved here. That third party owner had purchased Magnum from Arch effective January 1, 2006. In each of these transactions, the liability for black lung benefit claims was transferred to the new owner and prior funding arrangements in the case of Arch if not Peabody as well, were cancelled with notice to the Department of Labor and no longer funded for newly filed black lung claims. The Department made no objection and at least tacitly or by its actions approved the transfer of liability to Patriot.

Patriot was an authorized self-insurer for all its black lung claims; however the Department, which has the sole authority to establish the terms and conditions for any mine operator's approval as a self-insurer, 30 U.S.C. § 933 (a), required Patriot to post collateral that was known at the time to be significantly inadequate to cover the cost of benefits for black lung claimants that were at the time undeniably Patriot liabilities including this claim. Bulletin 16-1 reversed the Department's prior practice of allocating liability to Patriot for all of the newly filed Magnum and Peabody claims. It subsequently has been revealed that to do so, the Department in the Bulletin changed the trigger of liability applicable to Magnum and Peabody claims to the effect that there would be an unprecedented perpetual parental liability or guaranty assigned to Arch and Peabody, if the miner was last employed by one of those companies. These changes are obviously significant, and imposed a new

retroactive liability on both companies, that never before was a feature of any operator's liability under the Black Lung Benefits Act, and there are no other instances in the history of the Black Lung Program in which prior owners of mining companies sold to other mining companies had liability of any kind for the mining employees of the buyers even if the buyer ultimately became insolvent. Arch and Peabody are today and at all relevant times were uninsured for Patriot's claims reassigned to them by the Bulletin.

This significant and fairly dramatic change in liability allocation rules not only was retroactive but also was adopted in violation, Arch believes, of the mandatory rulemaking provisions of the Black Lung Benefits Act. 30 U.S.C. § 936(a) incorporating by reference the rulemaking requirements of the Administrative Procedure Act.  5. U.S.C. § 553 (b).

Peabody challenged the new rules but elected to do so in the regular course of claim adjudications.  Arch filed suit in the United States District Court for the District of Columbia to enjoin the new rules and have them declared invalid. In the Complaint, Arch alleged that the policy reflected in the Bulletin was a new rule within the meaning of 5 U.S.C.§ 551 (4), that was put into effect without following the applicable mandatory rulemaking requirements, that it was undeniably retroactive and thus unenforceable, that it violated the statutory provisions allocating liability, and that it failed to account for the allocation of Patriot's inadequate security. *Arch Coal Inc. v. Hugler,* 242 F.Supp. 3rd 13, 15-17 (D.D.C. 2017), *aff'd Arch Coal Inc. v. Acosta,* 888 F.3rd 493  (D.C. Cir 2018) .

The district court dismissed the suit for lack of subject matter jurisdiction and the D.C. Circuit affirmed on that basis holding that liability was a claims adjudication issue that needed to be considered first within the administrative process prescribed in the Black Lung Act.

One additional feature needing attention here is that Arch advised the D.C. Circuit of its expectation that the discovery needed to fully illuminate the issues would be opposed and thwarted by the Department. The D.C. Circuit ordered the parties to brief this issue separately and it was argued. *Acosta,* 292 F.3rd at 50. The Court held the expectation that discovery would be disallowed to be premature, repeating the Department's written promise that "Arch is entitled to reasonable discovery before the Department to the full extent allowed by the BLBA and its implementing regulations." *Id.*

As the Arch cases arose in claims litigation, the Department reinterpreted previously benign regulations to preclude any reasonably normal discovery, and did the same in the Peabody cases we believe.  Eventually, a few ALJs allowed discovery over the Department's objections.  But in the early cases following the *Acosta* decision, no discovery was permitted and no ALJ allowed any discovery sustaining the Department's objections. This case and all of the cases now pending in this Court were adjudicated without the benefit of discovery. After Arch began to seek normal discovery in keeping with the Department's new reinterpretation of its rules, a few ALJs allowed some discovery still over the Department's vigorous objections. The Department never has willingly consented to the discovery or admission of relevant evidence, although at this time, the Department sometimes but not always routinely objects to the admission of the evidence Arch eventually was able to obtain.

The first two of the three categories of cases referred to above are: (1) cases in which little or no evidence was allowed and (2) those in which sufficient evidence to prove Arch's case was admitted into the record. In the cases in which the Department successfully precluded normal and necessary discovery, Arch will argue that the Department's repurposed regulations and its interpretation of them violate the plain language of the relevant statutes and cannot be enforced. This statutory

discovery issue is present in all the cases now pending in this Court but will not be in later cases. In this case, normal document discovery and witness subpoenas were requested but objected to by the Department and the objections were sustained by the ALJ.

There are from 100-200 Arch cases still pending in the administrative process with new cases being filed on a regular basis. Over 485 cases have been filed and most unsuccessful claimants may file new claims as often as they like. Arch is seeking a fair opportunity to present its issues to the Court without undue hardship to Arch and to save the Court the need to duplicate effort that, for the most part, may be unnecessary.

The Department of Labor advises that it generally does not oppose holding these cases in abeyance unless Arch challenges the benefit award. No Claimant in the group of cases thus far appealed to this Court, is being denied the regular payment of black lung benefits at this time and there is no reason to expect an interruption in benefit payments. Benefits are being paid by the Black Lung Disability Trust Fund, and if Arch is held liable for those benefits, the Fund is entitled to full reimbursement with interest. 26 U.S.C. § 9501. No claimant has been asked to consent to this motion because no claimant has a personal interest in whether Arch or the Black Lung Trust Fund pays benefits, or whether Arch is entitled to the discovery that was promised by the Department. Any claimant disagreeing is free to oppose this motion for any reason.

It is Arch's intent to file this or a similar Motion in all cases pending in this Court raising the issues identified.

For the foregoing reasons and in the interest of judicial economies, the Motion filed in this case by Arch to suspend the briefing schedule and to hold this matter in abeyance pending a resolution of Arch's liability in *Workman* should be granted subject to such terms and conditions as the Court deems appropriate.

RESPECTFULLY SUBMITTED on October 10, 2023.

By: /s/ *Mark E. Solomons*
**Greenberg Traurig, LLP**
Mark E. Solomons
2101 L Street, N.W.,
Suite 1000
Washington, D.C. 20037
(202) 533-2361
solomonsm@gtlaw.com
*Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

This motion to suspend briefing schedule and to hold the appeal in abeyance complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because the motion contains 1794 words. This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the motion has been prepared in proportionally spaced typeface in 14-point font.

/s/ *Mark E. Solomons*
Mark E. Solomons

## CERTIFICATE OF SERVICE

    I hereby certify that on October 10, 2023, the undersigned served the foregoing Motion through the appellate CM/ECF system, and that all participants in the case are registered users of, and will be served through, that system.

                                        Jeffrey Goldberg, Esq.
                                        Office of the Solicitor
                                        U.S. Department of Labor
                                        goldberg.jeffrey@dol.gov

                                        Lynda Glagola
                                        Program Manager, Lungs at Work
                                        lynda@lungsatworkpa.org


                                        /s/ *Mark E. Solomons*
                                        Mark E. Solomons